MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District MIDDLE DISTRICT FLORIDA, JACKSONVILLE |
|---|---|
| Name *(under which you were convicted)*: Andrew Ryan Leslie | Docket or Case No.: 3:16-CR-00154-J-39JBT |
| Place of Confinement: Oklahoma City FTC | Prisoner No.: 67789-018 |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* Andrew Ryan Leslie |

**MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT AND SENTENCE BY A PERSON IN FEDERAL CUSTODY**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Middle District of Florida, Jacksonville Division

   (b) Criminal docket or case number (if you know): No. 3:16-CR-00154-J-39JBT

2. (a) Date of the judgment of conviction (if you know): 3/7/2018

   (b) Date of sentencing: 3/1/2018

3. Length of sentence: 720 months, consisting of two, 360 months terms run consecutively

4. Nature of crime (all counts):

   Counts 1 & 2 of the Indictment charge production of child pornography, a violation of 18 USC §2251

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes [✔] No [ ]

9. If you did appeal, answer the following:

(a) Name of court: Eleventh Circuit Court of Appeals

(b) Docket or case number (if you know): 18-11183

(c) Result: per curium opinion -- no arguable issues of merit, affirmed conviction and sentence

(d) Date of result (if you know): 11/9/2018

(e) Citation to the case (if you know): unknown

(f) Grounds raised:

Attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). There were no grounds raised in the appeal

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [✔]

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes [ ] No [✔]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: ______

(5) Grounds raised:

______

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket of case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised:

______

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

______

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Counsel failed to provide effective assistance of counsel to Movant by advising Movant to enter into a proffer agreement when the proffer agreement provided Movant with absolutely no protections and exposed Movant to additional crimes and increased penalties, all in violation of the Sixth Amendment of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective in advising Movant to enter into a proffer agreement with the government when the agreement provided no protections to Movant. Proffer agreements and sessions usually serve both parties: A defendant tells the Government about additional criminal activity to assist the Government in prosecuting additional crimes/criminals and in exchange, the information provided by the defendant cannot be used against him directly and the Government may file a 5K1.1 motion. While the filing of a 5K1.1 motion is not guaranteed, the proffer agreement in this case, as in most, states that "no statement or other information provided by [defense counsel or the defendant] will be admissible against the [defendant] in the Government's case-in-chief or at sentencing." (All quotations under Ground One are of language taken directly from the proffer letter dated November 15, 2016, between D. Rodney Brown, Mark J. Rosenblum, and Andrew R. Leslie.) Derivative use, however, is allowed. As laid out in the letter, Movant entered into a proffer agreement to provide law enforcement agents information about "potential violations of federal criminal laws involving, but not necessarily limited to, violations of 18 U.S.C. §§ 2241, 2251, 2251A, and 2252, et. seq., pertaining to the sexual abuse and exploitation of children." However, in this case, the proffer agreement excluded immunity to "crimes of violence." Crimes of violence are defined in the proffer agreement to "include, but are not limited to, violations of 18 USC §§ 2241-2245, 2251, 2251A, 2252A(g)—including conspiracy to violate these sections, attempt to violate these . .

(CONTINUED ON ATTACHED EXHIBIT 1 WHICH IS INCORPORATED BY REFERENCE HEREIN).

**(b) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). No issues were raised.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed:

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

____________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Counsel failed to provide effective assistance when counsel filed the Confidential Psychological Evaluation and Report as Exhibit to Sentencing Memorandum, DE# 49-4, because report revealed additional and abhorrent criminal activity, it was highly prejudicial, and did not provide useful mitigation in violation of the Sixth Amendment of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The report by Dr. Robert E. Cohen, presented at sentencing, was very harmful to Movant. The Confidential Psychological Evaluation and Report was also included in Movant's presentence report for his sentencing in the Tennessee Middle District. In this report, Movant reveals criminal and abhorrent behaviors that were not known by nor presented to the Court outside of the report. Much of the information in the report was not known to the government even after the proffer sessions. In the report, this Doctor of Psychology writes about some very repugnant and disturbing thoughts and behaviors Movant revealed. While the information about Movant's thoughts and behaviors may have been important and necessary to obtain an understanding of Movant's diagnosis and his behavioral and psychological functioning, the raw statements from Movant, as presented in this report, only served to paint him as a dangerous "pervert" who had extensive criminal activity with children. The report emphasized the need to sentence Movant to a maximum available sentence rather than mitigate his prison time. Movant divulged that he had engaged in sexual activity with dogs more than once. He engaged in "peeping tom" activities, watching his younger sister when she was 9 years old. He confided that he liked wearing diapers and children's panties . . . (CONTINUED ON ATTACHED EXHIBIT 1 WHICH IS INCORPORATED BY REFERENCE HEREIN).

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

In the appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). No issues were raised.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Counsel failed to provide effective assistance of counsel to Movant regarding Movant's guilty plea in violation of the Sixth Amendment of the United States Constitution. Because of the ineffective assistance, Movant did not make a knowing and voluntary plea in violation of the Fifth and Sixth Amendments of the United States Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective in advising Movant to enter into a Plea Agreement, waiving all of Movant's meaningful appeal rights, without receiving any consideration in return. In the Plea Agreement, Movant agreed that he waived his right to appeal any sentence up to the statutory maximum. In sum, Movant was only left the right to appeal the incarceration term if the court handed out an illegal sentence. This is the waiver of all meaningful appeals. Had Movant plead guilty without a plea agreement, he would have kept his right to appeal the sentence.

There was no advantage to Movant by entering into a plea agreement and limiting his appeal rights. Movant was advised by counsel that if Movant did not accept the plea agreement, he would receive an effective life sentence. The statutory maximum was in fact 30 years, and the indictment had two counts. Counsel advised that Defendant's guideline level would be 43, which calls for a life sentence. Counsel failed to explain that because of the statutory maximum sentence, the most Movant could receive would be 60 years. Counsel failed to review the potential guideline calculations with Movant. In fact, it was not until Movant was facing additional, related charges in the Tennessee Middle District, and his Tennessee attorney reviewed the guideline calculations with him that Movant realized what his Florida counsel had failed to do. Movant was (CONTINUED ON ATTACHED EXHIBIT 1 WHICH IS INCORPORATED BY REFERENCE HEREIN).

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

In the appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). No issues were raised.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Counsel was ineffective in the handling of various aspects relating to the sentencing in the case in violation of the 6th Amendment to the United States Constitution.

Grounds Five and Six are continued in the attached Exhibit 1 which is incorporated by reference herein.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to review the pre-sentence investigation report addendum with the movant prior to sentencing hearing; Counsel also failed to present any witnesses or evidence at his sentencing hearing; Movant's mother read a statement and Movant provided counsel with many corrections to pre-sentence report. Even with the noted objections and corrections, some inaccuracies remained in the pre-sentence investigation report. This failure deprived Movant of effective assistance of counsel.

**(b) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

In the appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). No issues were raised.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________________

Name and location of the court where the motion or petition was filed:

______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available):

______________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available):

______________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______________________

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One through Six in this Motion have never been presented in a state or federal court.

______________________

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
Mark Rosenblum, Federal Defender's Office, 200 West Forsyth Street, Suite 1240, Jacksonville, FL 32202

(b) At the arraignment and plea:
Mark Rosenblum, Federal Defender's Office, 200 West Forsyth Street, Suite 1240, Jacksonville, FL 32202

(c) At the trial:

(d) At sentencing:
Mark Rosenblum, Federal Defender's Office, 200 West Forsyth Street, Suite 1240, Jacksonville, FL 32202

(e) On appeal:
Adeel Bashir, Federal Defender's Office, 400 N. Tampa Street, Suite 2700, Tampa, FL 33602

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☑ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
Tennessee Middle District Court, Nashville.

(b) Give the date the other sentence was imposed: 8/9/2019

(c) Give the length of the other sentence: 30 years, concurrent to FLMD sentence.

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

EXHIBIT 1

Therefore, movant asks that the Court grant the following relief:

Vacate and Set Aside Guilty Plea and Vacate, Set Aside, or Correct Sentence

---

or any other relief to which movant may be entitled.

Respectfully Submitted,

CHARLES L. TRUNCALE, P.A.

Dated: November 7, 2019

/s/ Charles L. Truncale

Charles L. Truncale
Fl Bar # 0786381
CHARLES L. TRUNCALE, P.A.
233 East Bay Street, Suite 926
Jacksonville, Florida 32202
(904) 673-7412 office
(904) 485-8259 fax
clt_law@live.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was executed (signed) on

____________________________.

(month, date, year)

______________________________

Andrew Ryan Leslie[1]

[1] A duplicate counterpart copy of this Petition has been mailed to the Movant at Oklahoma City, FTC (although Movant has been in BOP transit for the past week) for his signature, and upon receipt the duplicate sworn petition will be filed.

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.