

2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

Reply to: **Jacksonville, FL**

DRB/hlk

November 15, 2016

Mark J. Rosenblum, Esq.
Assistant Federal Public Defender
200 W. Forsyth Street, Suite 1240
Jacksonville, Florida 32202

Re:     United States v. Andrew Ryan Leslie, Case No. 3:16-cr-154-J-39JBT

Dear Mr. Rosenblum:

This letter sets forth the terms and conditions under which your client, Andrew Ryan Leslie, would be interviewed by law enforcement agents of the United States about potential violations of federal criminal laws involving, but not necessarily limited to, violations of 18 U.S.C. §§ 2241, 2251, 2251A, and 2252, *et. seq.*, pertaining to the sexual abuse and exploitation of children.

First, your client will answer all questions completely and truthfully, and will provide all information, documents, and records within your client's custody or control, or to which your client has access, that are related to the subject matter of the interview.

Second, except as provided below, in any prosecution brought by the United States against your client, no statements or other information provided by you or your client during the interview session will be admissible against your client in the government's case-in-chief or at sentencing.

Mark J. Rosenblum, Esq.
November 15, 2016
Page 2

Third, the United States will be permitted to make derivative use of, and pursue any investigative leads suggested by, any statements or information provided by your client. Such derivative information can be used against your client at any stage of any criminal or civil proceeding. This provision eliminates the requirement of a hearing pursuant to *Kastigar v. United States*, 406 U.S. 441, 460 (1972), wherein the United States would otherwise have to prove that the evidence it sought to introduce against you was derived from a legitimate source wholly independent of statements or information from you. This agreement means only that the fact you made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against you. The United States will also remain free to discharge its duty to the court by informing the court of any information you provide. The court will be notified that such information was obtained pursuant to this grant of use immunity.

Fourth, if your client is a witness at any stage of any civil or criminal proceeding and offers testimony different from statements or information provided by your client during the proffer interview session, the United States may use such statements and information in cross-examination and rebuttal. In addition, the United States may use such statements and information to rebut any other evidence offered or elicited, or factual assertions made, by or on behalf of your client that are different from the statements or information provided during the interview session.

Fifth, if your client knowingly provides statements or information to the government that are false, misleading, or designed to obstruct justice, your client will be subject to prosecution for any applicable violations including, but not limited to, false statements and obstruction of justice. Any such prosecution could be premised upon any statement or information provided by your client at the proffer interview session, and your client's statements and the information provided at that session could be used against your client.

Sixth, it is understood by your client and the government that the proffer interview session will not constitute compromise negotiations or plea discussions. If, however, the session is subsequently construed to have been an instance of compromise negotiations or plea discussions, your client knowingly and voluntarily waives all rights your client may have pursuant to Federal Rule of Evidence 408 and 410 and Federal Rule of Criminal Procedure 11(f) that would otherwise prohibit the use against your client of statements made during such negotiations or discussions.

Seventh, neither you nor your client will disclose to anyone, other than your client's family and/or those individuals on your defense team, the existence or nature of this agreement without prior consultation with the United States Attorney's Office or upon order of a court of competent jurisdiction.

Mark J. Rosenblum, Esq.
November 15, 2016
Page 3

Eighth, this grant of use immunity also does not extend to crimes of violence, unless specifically indicated herein. You and your client understand that crimes of violence include, but are not limited to, violations of 18 U.S.C. §§ 2241–2245, 2251, 2251A, 2252A(g)—including conspiracy to violate these sections, attempt to violate these sections, and aiding and abetting violations of these sections—as well as the rape or sexual abuse of a minor.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

1.    Except as specifically provided in Paragraph 2, the United States agrees that no statement made or information provided pursuant to this agreement may be directly introduced as evidence against Mr. Leslie in any criminal case, including sentencing, excepting (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should he subsequently testify or take a factual position contrary to the information you provide. The United States will be free to make indirect, or derivative, use of your statements. This provision eliminates the requirement of a hearing pursuant to *Kastigar v. United States*, 406 U.S. 441, 460 (1972), wherein the United States would otherwise have to prove that the evidence it sought to introduce against Mr. Leslie was derived from "a legitimate source wholly independent" of statements or information from you. This agreement means only that the fact you made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against your client. The United States will also remain free to discharge its duty to the court by informing the court of any information your client provides. The court will be notified that such information was obtained pursuant to this grant of use immunity.

2.    You and your client understand that this grant of use immunity DOES NOT extend to information contained on encrypted digital devices, or encrypted portions of digital devices, currently in the custody of law enforcement pursuant to the search of your client's residence conducted on October 18, 2016. Your client agrees to provide any necessary passwords or passphrases in order to decrypt any such devices and understand that your client may face prosecution, without limitation, based on information contained therein. You and your client also understand that this grant of use immunity DOES NOT extend to crimes of violence, unless specifically indicated herein. You and your client understand that crimes of violence include, but are not limited to, violations of 18 U.S.C. §§ 2241–2245, 2251, 2251A, 2252A(g)—including

Mark J. Rosenblum, Esq.
November 15, 2016
Page 4

conspiracy to violate these sections, attempt to violate these sections, and aiding and abetting violations of these sections—as well as the rape or sexual abuse of a minor.

Finally, your client's proffer is made in accordance with the understandings set forth herein. No promises, agreements, or understandings exist between the parties other than those set forth in this agreement, and no modification of this agreement will have effect unless executed in writing by the parties with the same formalities as in this agreement.

If your client wishes to be interviewed under the terms set forth above, please sign, and have your client sign, this letter as indicated below and return the original to me.

Sincerely,

A. LEE BENTLEY, III
United States Attorney

By:

D. RODNEY BROWN
Assistant United States Attorney

I have read the foregoing agreement in its entirety, I have discussed it with my attorney, and I have had it fully explained by my attorney. I voluntarily and knowingly agree to the terms set forth.

_____        _____
ANDREW RYAN LESLIE                     Date

I have discussed the foregoing agreement with my client and fully explained its terms to my client. To the best of my knowledge, my client voluntarily and knowingly agrees to the terms set forth.

_____        _____
MARK J. ROSENBLUM                      Date